# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: HAIR RELAXING MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060<br>Master Docket No. 1:23-cv-00818<br>Hon. Mary M. Rowland |
| ROSA ROBINSON,<br><br>              Plaintiff<br><br>v.<br><br>L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., SOFTSHEEN-CARSON, LLC, REVLON, INC., REVLON CONSUMER PRODUCTS CORPORATION, REVLON GROUP HOLDINGS LLC, STRENGTH OF NATURE, LLC (f/k/a STRENGTH OF NATURE GLOBAL, LLC), GODREJ SON HOLDINGS, INC.,<br><br>              Defendants. | **DEFENDANTS' ANSWER TO PLAINTIFF'S SHORT-FORM COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Civil Action No. 1:23-cv-08513 |

Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc., and SoftSheen-Carson LLC (collectively, "L'Oréal USA"), Defendants Revlon, Inc., Revlon Consumer Products Corporation, and Revlon Holdings LLC (collectively, "Revlon"), and Defendants Strength of Nature, LLC and Godrej SON Holdings, Inc. (collectively "Strength of Nature" and, with L'Oréal USA and Revlon, "Defendants"), by and through counsel, hereby respond to Plaintiff Rosa Robinson's ("Plaintiff") Short-Form Complaint (the "Complaint") as follows:

## PRELIMINARY STATEMENT

Defendants incorporate by reference the following matters into their response to each paragraph of the Complaint:

Defendants submit this Answer and Defenses collectively, and on their own behalf,

where indicated, only. Except as otherwise expressly stated herein, Defendants expressly deny each and every allegation contained in the Complaint, including without limitation any allegations contained in the preamble, unnumbered paragraphs, headings, subheadings, table of contents, footnotes, and exhibits, and specifically deny any liability to Plaintiff. Defendants deny that their hair relaxers are or were defective or harmful and further deny that any act or omission of Defendants caused or contributed to any alleged injury purportedly suffered by Plaintiff.

Defendants expressly reserve and do not waive the right to amend and supplement this Answer, including to assert any counterclaims or cross-claims or modify its defenses, as may be appropriate or necessary, consistent with applicable rules and the Court's orders.

## **ANSWER**

Responding to the specific allegations of the numbered paragraphs in Plaintiff's Complaint, L'Oréal USA further responds as follows:

1.     Plaintiff ROSA ROBINSON (hereinafter, "Plaintiff") incorporates by reference Plaintiffs' Master Long Form Complaint *in In Re: Hair Relaxer Marketing, Sales Practices and Products Liability Litigation*, MDL 3060, filed as of May 15, 2023, as Document Number 106.

**ANSWER:**

Defendants reassert and incorporate by reference, as if fully set forth herein, its responses to paragraphs 1 through 281 of their Answer to Plaintiffs' Master Long Form Complaint and Demand for Jury Trial, as well as their affirmative defenses asserted thereto. Defendants deny that their hair relaxer products are defective in any manner and further deny that any of their products were the proximate cause of Plaintiff's purported injuries. Defendants further deny Plaintiff's alleged injuries were caused by any act or omission of Defendants, or that Defendants bear any liability under the claims or causes of action asserted, or that Plaintiff is entitled to relief

under any of the claims or causes of action asserted in the Complaint. To the extent paragraph 1 refers to allegations concerning products not sold by L'Oréal USA, Inc., L'Oréal USA Products, Inc., Soft Sheen-Carson, LLC, Revlon, Inc., Revlon Consumer Products Corporation, or Revlon Holdings LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and therefore deny them. Except as expressly admitted herein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny them.

2.      Plaintiff files this Complaint pursuant to CMO No. 2 and is to be bound by the rights, protections and privileges, and obligations of that CMO and other Orders of the Court. Further, in accordance with CMO No. 2, Plaintiff hereby designates the United States District Court for the Southern District of New York as Plaintiff's designated venue ("Original Venue"). Plaintiff makes this selection based upon one (or more) of the following factors (please check the appropriate box(es)):

☐      Plaintiff currently resides in Rochester, New York;

☐      Plaintiff purchased and used Defendant(s)' products in New York;

☐      The Original Venue is a judicial district in which Defendant _____ resides, and all defendants are residents of the State in which the district is located (28 U.S.C. § 1391(b)(1));

☐      The Original Venue is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, specifically (28 U.S.C. § 1391(b)(2)): ;

☐      There is no district in which an action may otherwise be brought under 28 U.S.C. § 1391, and the Original Venue is a judicial district in which Defendant _____ is subject to the Court's personal jurisdiction with respect to this action (28 U.S.C. § 1391(b)(3));

☒      Other reason (please explain): Supplemental Jurisdiction Under 28 U.S.C. § 1367(a) – Supplemental to Jurisdiction Over Revlon Claims Under 28 U.S.C. §§ 157 and 1334.

**ANSWER:**

Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2 so as to admit or deny them, and on that basis, deny them.

    3.      For purposes of diversity jurisdiction, Plaintiff is a citizen of New York.

**ANSWER:**

Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 3 so as to admit or deny them, and on that basis, deny them.

    4.      Plaintiff is suing the following Defendants, and for purposes of diversity, whose State of Incorporation/Formation and Principal Place of Business is as follows:

| Check All Applicable Defendants | Defendant | State of Incorporation or Formation | Principal Place of Business |
|---|---|---|---|
| ☐ | AFAM Concept, Inc. dba JF Labs, Inc. | Illinois | Illinois |
| ☐ | Avlon Industries | Illinois | Illinois |
| ☐ | Beauty Bell Enterprises LLC f/k/a House of Cheatham, Inc. | Georgia | Georgia |
| ☐ | Dabur International Ltd. | Isle of Man | Dubai |
| ☐ | Dabur International USA Ltd. | India | Illinois |
| ☐ | Dermoviva Skin Essentials, Inc. | Delaware | New Jersey |
| ☐ | Godrej SON Holdings, Inc. | Georgia | Georgia |
| ☐ | House of Cheatham LLC | Delaware | Georgia |
| ☒ | L'Oréal USA, Inc. | Delaware | New York |
| ☒ | L'Oréal USA Products, Inc. | Delaware | New York |
| ☐ | Luster Products, Inc. | Illinois | Illinois |
| ☐ | McBride Research Laboratories, Inc. | Georgia | Georgia |
| ☐ | Namaste Laboratories LLC | Illinois | Illinois |
| ☒ | Revlon Consumer Products Corporation | Delaware | New York |
| ☒ | Revlon Group Holdings LLC | Delaware | Delaware |
| ☒ | Revlon, Inc. | Delaware | New York |
| ☒ | SoftSheen-Carson LLC | New York | New York |
| ☐ | Strength of Nature, LLC | Georgia | Georgia |
| ☐ | Other (Please identify): | | |

**ANSWER:**

L'Oréal USA admits that L'Oréal USA, Inc. is a corporation incorporated in Delaware with its principal place of business in New York; that L'Oréal USA Products, Inc. is a corporation incorporated in Delaware with its principal place of business in New York; and that SoftSheen-Carson LLC was a New York limited liability company. Revlon admits that Revlon Consumer Products Corporation is a corporation incorporated in Delaware with its principal place of business in New York; that Revlon Group Holdings LLC is a limited liability corporation organized in Delaware with its principal place of business in Delaware; and that Revlon, Inc. is a corporation incorporated in Delaware with its principal place of business in New York. Other than expressly admitted herein, Defendants deny the balance of the allegations made in paragraph 4.

**CASE SPECIFIC FACTS REGARDING**
**HAIR RELAXER PRODUCT USE AND INJURIES**

5.    Upon information and belief, Plaintiff began using hair relaxer products on or about the following date: 1978 and if applicable, stopped using hair relaxer products on or about the following date: 2017.

**ANSWER:**

Defendants deny that Plaintiff's purported injuries were in any way caused by her alleged use of hair relaxer products. Defendants deny that they made any misrepresentations. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis, deny them.

6.    Upon information and belief, Plaintiff used the following hair relaxer product(s), which Plaintiff contends caused and/or contributed to their injury(ies) and brings claims against the following Defendants:

| Defendant | Product List (Select All Applicable Products) |
|---|---|
| AFAM Concept, Inc. d/b/a JF Labs, Inc. | ☐ Hawaiian Silky - Crème Conditioning No Lye Silky Smooth Sheen Relaxer<br>☐ Hawaiian Silky - Herbal No Lye Conditioning Relaxer System with Tea Tree & Avocado Oil - 2 Applications<br>☐ Vitale - Olive Oil Anti-Breakage Relaxer No Base with Shea Butter - Regular Strength<br>☐ Vitale Pro – New Texture Salon Exclusive Hair Relaxer<br>☐ Vitale - New Texture Salon Exclusive Hair Relaxer with Oatmeal Protein<br>☐ Vitale - Life and Body - Hair Relaxer with Aloe Vera - Smooth Silky Texture<br>☐ Other (please specify): |
| Avlon Industries, Inc. | ☐ Affirm Crème Relaxer<br>☐ Affirm Sensitive Scalp Relaxer<br>☐ Affirm Dry & Itchy Scalp Relaxer<br>☐ Affirm FiberGuard Conditioning Crème Relaxer<br>☐ Affirm FiberGuard Sensitive Scalp Conditioning Relaxer<br>☐ Other (please specify): _____ |
| Beauty Bell Enterprises, LLC f/k/a House of Cheatham, Inc. | ☐ Africa's Best Herbal Intensive No-Lye Relaxer System<br>☐ Originals by Africa's Best Originals Olive Oil Conditioning Relaxer<br>☐ Organics by Africa's Best Olive Oil Conditioning Relaxer System with Extra Virgin Oil<br>☐ Originals by Africa's Best Kids Originals Natural Conditioning Relaxer System<br>☐ Organics by Africa's Best Kids Organic Conditioning Relaxer System<br>☐ Organics by Africa's Best Kids Natural Conditioning Relaxer System<br>☐ Texture My Way Men's Texturizing Kit<br>☐ Texture My Way Women's Texturizing & Softening System<br>☐ Other (please specify): |
| House of Cheatham, LLC | ☐ Africa's Best Herbal Intensive No-Lye Relaxer System<br>☐ Originals by Africa's Best Originals Olive Oil Conditioning Relaxer<br>☐ Organics by Africa's Best Olive Oil Conditioning Relaxer System with Extra Virgin Olive Oil<br>☐ Originals by Africa's Best Kids Originals Natural Conditioning Relaxer System<br>☐ Organics by Africa's Best Kids Organic Conditioning Relaxer System<br>☐ Organics by Africa's Best Kids Natural Conditioning |

| | |
|---|---|
| | Relaxer System<br>☐ Texture My Way Men's Texturizing Kit<br>☐ Texture My Way Women's Texturizing & Softening System<br>☐ Other (please specify): |
| L'Oréal USA, Inc./L'Oréal USA Products, Inc./ SoftSheen-Carson LLC | ☒ Dark and Lovely Beautiful Beginnings No-Mistake Smooth Relaxer<br>☐ Dark and Lovely Beautiful Beginnings No Mistake Curl Softener<br>☐ Dark and Lovely Healthy Gloss 5 Shea Moisture No Lye Relaxer<br>☐ Dark and Lovely Triple Nourished Silkening Relaxer<br>☒ Optimum Salon Haircare Defy Breakage No-Lye Relaxer<br>☐ Optimum Salon Haircare Amla Legend Relaxer<br>☐ Optimum Care Bodifying Relaxer<br>☐ Optimum Multi-Mineral Reduced pH Crème Relaxer<br>☐ Bantu No Base Relaxer<br>☐ Ultra Precise No-Lye Conditioning Relaxer<br>☐ Mizani Butter Blend Relaxer<br>☐ Mizani Butter Blend Sensitive Scalp Rhelaxer<br>☐ Mizani Butterblend Prosolvent Relaxer<br>☐ Mizani Classic Rhelaxer<br>☐ Mizani Sensitive Scalp Rhelaxer<br>☐ Care Free Curl – Cold Wave Chemical Rearranger Super Strength<br>☐ Look of Radiance Permanent Crème Relaxer Kit<br>☐ Other (please specify): |
| Luster Products Company | ☐ Luster's Pink Oil Moisturizer No-Lye Conditioning Relaxer<br>☐ Luster's Pink Oil Moisturizer Short Looks Texturizer<br>☐ Luster's Pink Oil Moisturizer Smooth Touch Relaxer<br>☐ PCJ Kit<br>☐ PCJ No Lye Kit – Adult<br>☐ PCJ No Lye Kit - Children's<br>☐ ShortLooks Colorlaxer Diamond Black<br>☐ ShortLooks Colorlaxer Passion Red<br>☐ ShortLooks Colorlaxer Sable Brown<br>☐ Other (please specify): |
| McBride Research Laboratories | ☐ Design Essentials Honey Nectar Relaxer Kit - Time Release Regular<br>☐ Design Essentials Sensitive Scalp Relaxer System<br>☐ Design Essentials Regular Conditioning Relaxer<br>☐ Other (please specify): _____ |
| Namaste Laboratories | ☐ ORS Olive Oil Built-In-Protection No-Lye Relaxer – Full Application |

| | |
|---|---|
| | ☐ ORS Olive Oil No-Mix Salon Formula Crème Relaxer<br>☐ ORS Olive Oil Ultra Nourish Crème Hair Relaxer<br>☐ ORS Olive Oil Built-In-Protection No-Lye Relaxer – New Growth<br>☐ ORS Olive Oil Zone Relaxer – Targeted Touch-Up No-Lye Hair Relaxer<br>☐ ORS Olive Oil Curl Stretching Texturizer<br>☐ ORS Olive Oil Crème on Crème Touch-Up No-Lye Hair Relaxer<br>☐ ORS Olive Oil Mild Touch Relaxer with 60% Lower Chemical<br>☐ ORS Olive Oil Texlax and Stretch Semi-Straightening System<br>☐ ORS Olive Oil Girls Built-In Protection Plus No-Lye Conditioning Hair Relaxer System<br>☐ ORS Olive Oil Girls Soft Curls No-Lye Crème Texture Softening System<br>☐ ORS HAIRepair No-Lye Conditioning Relaxer System with Cuticle Shield<br>☐ ORS Olive Oil Professional No-Lye Relaxer Kit<br>☐ ORS Olive Oil Professional Crème Relaxer<br>☐ Namasté Salon System Triple Emulsion Relaxer<br>☐ Namasté Salon System Crème Relaxer<br>☐ Namasté Salon System Conditioning Sensitive Scalp No-Lye Relaxer<br>☐ Namasté Salon System Crème Relaxer Salon Trial Pack<br>☐ (Other (please specify): _____ |
| Revlon, Inc./Revlon Consumer Products Corporation/Revlon Group Holdings LLC/Revlon | ☐ African Pride – No Lye Relaxer Kit<br>☐ African Pride – No Base Relaxer<br>☐ African Pride – Multi Length Texturizer Kit<br>☐ African Pride – Dream Kids No Lye Relaxer Kit<br>☐ All Ways Natural – No Lye Conditioning Crème Relaxer Kit<br>☐ Arosci Aromaphoric Relaxer System<br>☒ Crème Of Nature Relaxer Cream<br>☒ Crème Of Nature Relaxer Kit Argan Oil<br>☒ Crème of Nature Herbarich Conditioning Crème Relaxer System Kit<br>☐ Crème of Nature Herbarich Conditioning Crème Relaxer and Texturizing System<br>☐ Crème of Nature Herbarich No Base Relaxer<br>☐ Crème of Nature No Base Relaxer<br>☐ Crème of Nature No Lye Relaxer<br>☐ Crème of Nature Sodium Relaxer Kit<br>☐ Crème Of Nature Cni No Lye Relaxer |

| | |
|---|---|
| | ☐ Crème Of Nature Cni Sunflower & Coconut Oil - Creme |
| | ☐ Crème Of Nature Eden Relaxer |
| | ☐ Fabulaxer No-Lye Relaxer |
| | ☐ Fabulaxer Gro-7 |
| | ☒ Revlon Realistic No-Base Relaxer |
| | ☐ Revlon Realistic No Lye Relaxer Kit |
| | ☒ Other (please specify): <u>Revlon Professional</u> |
| Strength of Nature, LLC | ☐ African Pride Olive Miracle Deep Conditioning Crème-on-Crème No Lye Relaxer 8 Salon Pack Touch-Ups |
| | ☐ African Pride Olive Miracle Deep Conditioning Curls & Coils Texturizer |
| | ☐ African Pride Olive Miracle Deep Conditioning Curls & Coils Texturizer With Aloe Deep Conditioner |
| | ☐ African Pride Olive Miracle Deep Conditioning No-Lye Relaxer One Complete Application |
| | ☐ African Pride Olive Miracle Deep Conditioning No-Lye Relaxer, One Complete Touch-Up |
| | ☐ African Pride Shea Miracle Texture Softening Elongating System |
| | ☐ African Pride Dream Kids Olive Miracle (4) Touch-Up Relaxer Kit |
| | ☐ African Pride Dream Kids Olive Miracle Relaxer |
| | ☐ African Pride Dream Kids Olive Miracle Touch-Up Relaxer Kit |
| | ☐ Dr. Miracle's No Lye Relaxer Kit |
| | ☐ Dr. Miracle's New Growth No-Lye Relaxer Kit |
| | ☐ Elasta QP Normal Relaxer Kit |
| | ☐ Elasta QP Normal Relaxer Kit 2 Applications |
| | ☐ Elasta QP Resistant Relaxer Kit |
| | ☐ Elasta QP Sensitive Scalp Kit 12 Application Economy Pack |
| | ☐ Elasta QP Sensitive Scalp Kit – 4 Applications |
| | ☐ Elasta QP No Base Crème Relaxer |
| | ☐ Elasta QP SOY OYL No-Base Relaxer |
| | ☐ Elasta QP SOY OYL 4 Application Anti-Dryness No Lye Relaxer Kit |
| | ☐ Elasta QP No-Base Relaxer |
| | ☐ Elasta QP Extra Body No-Base Regular Relaxer |
| | ☐ Elasta QP Extra Body No-Base Super Relaxer |
| | ☐ Gentle Treatment No-Lye Relaxer Gray Kit |
| | ☐ Gentle Treatment No-Lye Relaxer |
| | ☐ Just For Me Relaxer 1 Complete Touch Up Relaxer |
| | ☐ Just For Me 4 Application Salon Pack Relaxer |
| | ☐ Just For Me No-Lye Conditioning Crème Relaxer Kit |
| | ☐ Just For Me No-Lye Conditioning Crème Relaxer Kit with |

Coil & Curl Cream
☐ Just For Me No-Lye Conditioning Crème Relaxer Kit (Super) with Oil Moisturize Lotion
☐ Just For Me No-Lye Texture Softener System
☐ Just For Me No-Lye Texture Softener System with Hair & Scalp Butter
☐ Motions Classic Formula Smooth & Silken Hair Relaxer
☐ Motions Professional 12-Application Salon Pack
☐ Motions Silkening Shine No Lye Relaxer Kit
☐ Profectiv MegaGrowth Anti-Damage No-Lye Relaxer 2 Touch Up Application
☐ Profectiv MegaGrowth Anti-Damage No-Lye Relaxer 1 Complete Touch Up Application
☐ Profectiv Procision Relaxer Kit Regular
☐ Profectiv Relax and Refresh Kit Auburn Spice
☐ Profectiv Relax and Refresh Kit Cherry Fusion
☐ Profectiv Relax and Refresh Kit Jet Black
☐ Profectiv Relax and Refresh Kit Mahogany Brown
☐ Profectiv Relax and Refresh Kit Silky Black
☐ Pro-Line Comb Thru Texturizer Kit
☐ SmartPerm No-Lye Anti-Breakage Relaxer System
☐ SmartPerm No-Lye Anti-Breakage New Growth Relaxer System, Smart Grow Stimulator
☐ SmartPerm Smart Valu No-Lye Anti-Breakage Relaxer Kit, 4 Applications
☐ Smart Perm Smart Valu Smart Gro Stimulator New Growth No-Lye Relaxer with GroRehab 4 Applications
☐ S&B® Botanicals™ 2 Application Relaxer
☐ S&B® Botanicals™ No-Lye Sensitive Scalp Relaxer, 1-App
☐ S&B® Botanicals™ No-Mix Texturizer 2-App, with Deep Conditioner
☐ S&B® Botanicals™ No-Mix Texturizer 2-App
☐ S&B® Botanicals™ Relaxer 8-Touch Up
☐ Soft & Beautiful No-Lye Crème Relaxer
☐ Soft & Beautiful No-Lye Ultimate Conditioning Relaxer System
☐ TCB Naturals Conditioning Argan Oil Vitamin E & Olive No-Lye Relaxer
☐ TCB Naturals Conditioning Argan Oil Vitamin E & Olive No-Lye, 2 Applications
☐ TCB No-Base Crème Hair Relaxer with Protein & DNA
☐ UltraSheen Supreme Conditioning No-Lye Relaxer
☐ UltraSheen Ultra Moisturizing No-Lye Relaxer
☐ UltraSheen Ultra Moisturizing No-Lye Relaxer, with Keratin

| | ☐  Other (please specify): |
|---|---|

**<u>ANSWER:</u>**

Defendants deny that any of the listed products manufactured, distributed, or sold by them caused Plaintiff's injuries. Defendants further deny the sufficiency of Plaintiff's product identification and reserves all rights related thereto. Defendants deny that Plaintiff's purported injuries were in any way caused by her alleged use of hair relaxer products. Defendants deny that they made any misrepresentations. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis, deny them.

7.  Other manufacturer(s)/product(s) used by Plaintiff not identified above: <u>N/A</u>.

**<u>ANSWER:</u>**

Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 7 so as to admit or deny them, and on that basis, deny them.

8.  Plaintiff's use of Defendant(s) hair relaxer product(s) caused serious injuries and damages including but not limited to the following:

| | |
|---|---|
| ☐ | Uterine Cancer |
| ☒ | Endometrial Cancer |
| ☐ | Ovarian Cancer |
| ☒ | Other injuries and/or additional details specify: <u>Total hysterectomy and bilateral salpingo-oophorectomy</u>. |

**ANSWER:**

Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 8 so as to admit or deny them, and on that basis, deny them.

9.     Approximate date of diagnosis (injuries), if applicable at this time, that form the basis of Plaintiff's claims: February 2023.

**ANSWER:**

Defendants deny that Plaintiff's purported injuries were in any way caused by her alleged use of hair relaxer products.  Defendants deny that they made any misrepresentations. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph so as to admit or deny them, and on that basis, deny them.

**CAUSES OF ACTION AND THEORIES OF RECOVERY ADOPTED
AND INCORPORATED IN THIS LAWSUIT**

10.     Plaintiff(s) hereby adopt(s) and incorporate(s) by reference as if set forth fully herein, all common factual allegations contained in paragraphs 1 through 114 of the Master Long Form Complaint on file with the Clerk of the Court for the United States District Court for the Northern District of Illinois in the matter entitled *In Re: Hair Relaxer Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 3060.

**ANSWER:**

Defendants reassert and incorporate by reference, as if fully set forth herein, their defenses and responses to paragraphs 1 through 114 of its Answer to Plaintiffs' Master Long Form Complaint and Demand for Jury Trial.  Defendants deny any allegations contained therein that are inconsistent with the responses herein or that assert liability, wrongdoing, or causation as

to Defendants.  Defendants are without sufficient knowledge or information to form a belief as to

the truth or falsity of the remainder of the allegations in paragraph 10 so as to admit or deny

them, and on that basis, deny them.  Defendants further deny that Plaintiff is entitled to adopt any

claims not individually pled with particularity as to Defendants.

11.     Plaintiff(s) hereby adopt(s) and incorporate(s) by reference as if set forth fully

herein, the following Causes of Action and the Prayer for Relief within the Master Long Form

Complaint on file with the Clerk of the Court for the United States District Court for the

Northern District of Illinois in the matter entitled *In Re: Hair Relaxer Marketing, Sales*

*Practices, and Products Liability Litigation*, MDL No. 3060:

| | | |
|---|---|---|
| ☒ | Count I – Negligence and/or Gross Negligence | |
| ☒ | Count II – Negligent Misrepresentation | |
| ☒ | Count III – Negligence *Per Se* | |
| ☒ | Count IV – Strict Liability:  Design Defect | |
| ☒ | Count V – Strict Liability – Failure to Warn | |
| ☒ | Count VI - Breach of Implied Warranty of Merchantability/ Fitness for a Particular Use | |
| ☒ | Count VII - Breach of Express Warranty under state law and the Magnuson- Moss Warranty Act, 15 U.S.C. § 2301 et seq. | |
| ☒ | Count VIII – Fraud/Fraudulent Misrepresentation | |
| ☒ | Count IX – Fraudulent Concealment | |
| ☒ | Count X - U.S. State and Territory Statutory Consumer Protection and Unfair or Deceptive Trade Practices Claims | |
| ☒ | Count XI – Unjust Enrichment | |
| ☐ | Count XII – Wrongful Death | |
| ☐ | Count XIII – Survival Action | |
| ☐ | Count XIV – Loss of Consortium | |
| ☒ | Count XV – Punitive Damages | |
| ☐ | Other Causes of Action: | |

**ANSWER:**

Defendants reassert and incorporate by reference, as if fully set forth herein, its responses

to paragraphs 115 through 281 of its Answer to Plaintiffs' Master Long Form Complaint and

Demand for Jury Trial, as well as their affirmative defenses asserted thereto. Defendants deny any allegations contained therein that are inconsistent with the responses herein or that assert liability, wrongdoing, or causation as to Defendants. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 11 so as to admit or deny them, and on that basis, deny them. Defendants further deny that Plaintiff is entitled to adopt any claims not individually pled with particularity as to Defendants.

12. Consortium Claim(s) (if applicable): The following individual(s) allege(s) damages for loss of consortium: <u>N/A</u>.

**ANSWER:**

Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 12 so as to admit or deny them, and on that basis, deny them. To the extent any claim for survival or wrongful death is later asserted, Defendants reserve all rights to challenge such claims on procedural and substantive grounds.

13. Survival and/or Wrongful Death Claim(s) (if applicable): The following individual(s) allege(s) damages for survival and/or wrongful death: <u>N/A</u>.

**ANSWER:**

Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 13 so as to admit or deny them, and on that basis, deny them. To the extent any claim for survival or wrongful death is later asserted, Defendants reserve all rights to challenge such claims on procedural and substantive grounds.

## DEFENSES

Defendants assert the following defenses to the allegations and claims in the Complaint. All defenses asserted herein are pled in the alternative. No defense asserted herein constitutes an admission that L'Oréal USA or and Revlon are liable to any Plaintiff, that any Plaintiff has suffered or will suffer injury, that Plaintiff is relieved of her burden to prove each element of each claim, or that Plaintiff is entitled to any relief whatsoever.

Subject to those limitations, and without assuming any burden of proof that it would not otherwise bear, Defendants hereby assert the following defenses to the Complaint and each and every allegation therein as to the claims of Plaintiff. Defendants may also assert other defenses that become available or appear during the course of additional investigation or discovery in this case. Defendants reserve the right to amend this Answer, including to assert any such additional defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief may be granted. The Complaint fails to articulate facts supporting any of the claims alleged. Plaintiff has not alleged facts supporting any finding that she was injured in any way by L'Oréal USA or Revlon's conduct. Plaintiff fails to specifically identify a defect in any L'Oréal USA or Revlon product that she used which may have contributed to her injury. Plaintiff fails to identify a single representation made by L'Oréal USA or Revlon regarding a product that she purchased. The Complaint fails to state a single claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Federal Preemption)

All of Plaintiff's claims are expressly preempted by federal law. 21 U.S.C. § 379s(a); 21 C.F.R. § 701.3(a), (*l*). To the extent Plaintiff's claims, including but not limited to those brought

under state consumer protection laws such as New York General Business Law sections 349 and 350 or the South Carolina Unfair Trade Practices Act ("UTPA"), attempt to impose such additional or different requirements, they are barred. *See PLIVA, Inc. v. Mensing*, 564 U.S. 604, 625 (2011); *see also Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472, 480 (2013); *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 348 (2001); *Critcher v. L'Oréal USA, Inc.*, 959 F.3d 31 (2d Cir. 2020) (preempting state common law claims if they impose requirements different from or in addition to federal requirements).

Defendants preserve this defense as to all present and future claims brought under any state's consumer protection or labeling laws, and as to any theory of liability that conflicts with or supplements federal labeling standards for FDA-regulated products.

### THIRD AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

Plaintiff's Complaint, and each claim for relief therein, is barred by the applicable statutes of limitations. *See* N.Y. C.P.L.R. § 214–c (three-year limitations period for product liability actions); N.Y. C.P.L.R. § 214 (three-year limitations period for personal injury claims); N.Y. U.C.C. § 2-725) (four-year limitations period for breach of warranty, running from the date of tender of delivery); N.Y. C.P.L.R. 213 (six-year limitations period for fraud and misrepresentation, or two years from the time the plaintiff discovered or could have discovered the alleged fraud); *Nachman v. Tesla, Inc.*, No. 22-CV-5976 (RPK) (ST), 2023 WL 6385772, at *3 (E.D.N.Y. Sept. 30, 2023), *aff'd*, No. 24-2362, 2025 WL 1201996 (2d Cir. Apr. 25, 2025) (three-year limitations period for consumer protection claims from the date of injury); S.C. Code Ann. § 15-3-530(5) (three-year limitations period for product liability actions); *id.*; S.C. Code Ann. § 15-78-110 (two- or three-year limitations period for personal injury, negligence, and strict liability claims); S.C. Code Ann. § 15-3-530(5) (three-year limitations period for breach of express or implied warranty, running from the date of tender of delivery); S.C. Code Ann. § 15-

3-530(7) (three-year limitations period for fraud and misrepresentation); S.C. Code Ann. § 15-3-530(2) (three-year limitations period for consumer protection claims from the date of discovery, with a five-year outer limit from the transaction date); *Bayle v. S.C. Dep't of Transp.*, 344 S.C. 115, 126 (2001) (holding that the discovery rule does not require an "absolute certainty a cause of action exists before the statute of limitations begins to run"). To the extent Plaintiff's claims accrued beyond these statutory periods, they are time-barred as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Repose)

Plaintiff's Complaint, and each cause of action alleged therein, is barred by the applicable statute of repose.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff's Complaint, and each cause of action alleged therein, is barred because Plaintiff lacks standing to pursue one or more claims in the Complaint, including those for injunctive relief, medical monitoring, restitution, or damages based on speculative or future harm. Article III and applicable state laws, as in New York and South Carolina, require a concrete, particularized, and actual or imminent injury. *See Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 174 (2d Cir. 2005) ("Injury-in-fact is an indispensable requirement for standing."); *ATC S., Inc. v. Charleston Cnty.*, 380 S.C. 191, 196 (2008). Plaintiff alleges none.

To the extent Plaintiff seeks relief under state consumer protection statutes, such claims are further barred where Plaintiff fails to allege an injury resulting from the alleged conduct, as required by statutes like sections 349 and 350 of New York's General Business Law. *See Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000); *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 99 (2d Cir. 2023). Further, New York General Business Law section 349 does

not permit recovery for speculative losses; rather, a plaintiff must prove "actual injury" to recover. *See Stutman*, 95 N.Y.2d at 29.

Likewise, to the extent that Plaintiff seeks relief under South Carolina's UTPA, such claims are further barred where Plaintiff fails to allege "actual damages" resulting from the alleged conduct, as required by statutes like the UTPA. *See Austin v. Stokes-Craven Holding Corp.*, 387 S.C. 22, 42 (2010). The UTPA does not permit recovery for speculative losses or trivial injuries. *Id.* at 44. Because Plaintiff fails to allege a present, non-speculative injury under either federal or state law, these claims are nonjusticiable and must be dismissed.

## SIXTH AFFIRMATIVE DEFENSE
### (No Failure to Disclose)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because Defendants have not concealed or failed to identify any material fact not known to Plaintiff that L'Oréal USA or and Revlon were obligated to disclose. To the extent the duty to disclose arises under New York's General Business Law section 349, any omission must have been "materially misleading" in that it was likely to affect a consumer's choice of product. *See Dunham v. Sherwin-Williams Co.*, 636 F. Supp. 3d 308, 314 (N.D.N.Y. 2022). Likewise, causes of action for fraud under New York law also require the misrepresentation of "material facts." *Standish-Parkin v. Lorillard Tobacco Co.*, 786 N.Y.S.2d 13, 15 (2004). The same is true in South Carolina. S.C. Code Ann. § 39-5-20, *et seq.*; *see also Chiarella v. United States*, 445 U.S. 222, 228 (1980). L'Oréal USA or Revlon did not conceal or omit any fact it was legally obligated to disclose and expressly denies having any duty to disclose under New York law.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Identify Product)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because Plaintiff has failed to identify any specific product manufactured, distributed, or sold by L'Oréal USA or

Revlon that allegedly caused her injuries.

**EIGHTH AFFIRMATIVE DEFENSE**
**(No Misrepresentation)**

Without admitting to making any representation alleged in Plaintiff's Complaint, to the extent that any conduct by L'Oréal USA or Revlon should be construed as making any representation alleged in the Complaint, that representation was not and is not tantamount to any misrepresentation.

L'Oréal USA and Revlon hereby give notice that it intends to rely upon any additional affirmative defenses that become available or apparent during the course of investigation and/or discovery, and hereby reserve the right to amend its Answer to assert any such defenses.

**NINTH AFFIRMATIVE DEFENSE**
**(No Reliance)**

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because Plaintiff did not actually or reasonably rely on any statement, representation, or omission made by, or attributable to, L'Oréal USA or Revlon.  Reliance is a required element of any fraud or misrepresentation claim under New York and South Carolina law.  *See Marcum, LLP v. Silva*, 986 N.Y.S.2d 508, 510 (2014) (explaining that justifiable reliance is a required element in fraud and negligent misrepresentation claims); *see also Nigro v. Lee*, 882 N.Y.S.2d 346, 348 (2009) (dismissing causes of action sounding in fraud where plaintiff failed to prove that reliance on certain representations was justified); *Nine v. Henderson*, 313 S.C. 309, 313 (1993) (requiring justifiable reliance for fraud claim).  To the extent Plaintiff asserts consumer fraud claims under the UTPA, they similarly fail absent proof that Plaintiff was induced to act or refrain from acting by a material omission.  *See Britt v. Sorin Grp. Deutschland GMBH*, 690 F. Supp. 3d 538, 549 (D.S.C. 2023) (dismissing claim where the plaintiff failed to allege he relied on any statements,

19

written or otherwise, by the defendant).  Plaintiff has not alleged, and cannot establish, actual or

reasonable reliance on any conduct by L'Oréal USA or Revlon.

### TENTH AFFIRMATIVE DEFENSE
**(Failure to Allege Actual Injury or Damages)**

Plaintiff's Complaint, and each cause of action alleged therein, is barred to the extent

Plaintiff has failed to allege any actual injury, damage, or loss proximately caused by L'Oréal

USA or Revlon.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Failure to Plead Fraud with Particularity – Fed. R. Civ. P. 9(b))**

Plaintiff's fraud-based claims, including those premised on product labeling, advertising,

and marketing, are deficient as a matter of law for lack of particularity.  Fed. R. Civ. P. 9(b).

### TWELFTH AFFIRMATIVE DEFENSE
**(Lack of Defect)**

There was no defect in the product at issue with the result that Plaintiff is not entitled to

recover against L'Oréal USA or Revlon in this action.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Laches)**

Plaintiff's Complaint, and each claim for relief therein, is barred by the doctrine of

laches.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Waiver)**

Plaintiff, by her own conduct, has waived each of the claims alleged in the Complaint

and, as a consequence thereof, Plaintiff is barred from seeking the relief sought, or any relief

whatsoever.

### FIFTEENTH AFFIRMATIVE DEFENSE
**(Estoppel)**

Plaintiff is estopped by reason of her own conduct from recovering on the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Join a Necessary Party)**

Plaintiff's claims are barred for failure to join necessary and/or indispensable parties.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(State of the Art)**

Plaintiff's Complaint, and each claim for relief alleged therein, is barred to the extent L'Oréal USA or Revlon acted in conformity with applicable federal safety regulations and the prevailing scientific, technical, and industry knowledge at the time the product was manufactured, labeled, or sold under applicable state law. *Bolm v. Triumph Corp.*, 422 N.Y.S.2d 969, 975 n.2 (1979); *see also Rainbow v. Albert Elia Bldg. Co.*, 436 N.Y.S.2d 480, 485 (1981), *aff'd*, 56 N.Y.2d 550 (1982) (explaining that the state of the art is "an important and relevant inquiry" as a "qualitative limitation on liability"); *Reed v. Tiffin Motor Homes, Inc.*, 697 F.2d 1192, 1197 (4th Cir. 1982) (recognizing state of the art and trade customs as defenses in South Carolina).

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Learned Intermediary)**

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because Defendants provided reasonable and adequate warnings to learned intermediaries, relieving Defendants of further duties to warn under applicable law. New York courts have held that manufacturers of unavoidably unsafe products, such as certain medical devices, may fulfill their duty to warn by informing prescribing physicians. *Banker v. Hoehn*, 718 N.Y.S.2d 438, 440 (2000). Similarly, South Carolina courts have held that a "manufacturer has no duty to warn of potential risks or dangers inherent in a product if the product is distributed to what we call a learned intermediary or distributed to a sophisticated user who might be in a position to understand and assess the risks involved, and to inform the ultimate user of the risks." *Jolly v. Gen. Elec. Co.*, 435 S.C. 607, 644 (2021).

21

### NINETEENTH AFFIRMATIVE DEFENSE
**(Assumption of the Risk)**

Plaintiff's Complaint, and each claim for relief therein, is barred because her injuries, if any, were sustained by voluntarily and unreasonably proceeding to encounter a known risk.

### TWENTIETH AFFIRMATIVE DEFENSE
**(Negligence)**

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because L'Oréal USA or Revlon did not owe a legal duty to Plaintiff. If L'Oréal USA or Revlon owed a legal duty to Plaintiff, L'Oréal USA or Revlon did not breach that duty.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
**(Comparative Negligence)**

Plaintiff's claims are barred or diminished under New York's comparative fault regime. Plaintiff's own negligence in using the products at issue was a substantial factor in causing the alleged injuries. Under New York law, the amount of recoverable damages "shall be diminished in the proportion which the culpable conduct attributable to the [plaintiff] bears to the culpable conduct which caused the damages." N.Y. C.P.L.R. 1411. Under South Carolina's modified comparative fault regime, her claims likewise fail. Plaintiff's own negligence in using the products at issue was a substantial factor in causing the alleged injuries. Under South Carolina law, a plaintiff found fifty percent or more at fault recovers nothing. S.C. Code Ann. § 15-38-15; *Bass v. Gopal, Inc.*, 384 S.C. 238, 247 (2009) (If "the plaintiff's negligence exceed[s] fifty percent, the circuit court may determine judgment as a matter of law in favor of the defendant."). Even where fault is below that threshold, damages must be reduced in proportion to the plaintiff's share. S.C. Code Ann. § 15-38-15(B)(2)-(3).

### TWENTY-SECOND AFFIRMATIVE DEFENSE
**(Contribution under Joint Tortfeasors)**

If Plaintiff recovers from L'Oréal USA or Revlon, L'Oréal USA or Revlon are entitled to a contribution, set-off, and/or indemnification, either in whole or in part, from all persons or

entities whose negligence/fault proximately caused or contributed to cause Plaintiff's alleged damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Apportionment)

If Plaintiff sustained any injuries or incurred the expenses as alleged, which Defendants expressly deny, such purported injuries or expenses were directly and proximately caused by the negligence or fault of third parties beyond L'Oréal USA's or Revlon's control, including individuals or entities not named in the Complaint. L'Oréal USA or Revlon neither supervised nor bore responsibility for their conduct, and cannot be held liable for their acts or omissions. Plaintiff's recovery, if any, therefore should be apportioned in accordance with applicable law. N.Y. C.P.L.R. § 1411; S.C. Code Ann. § 15-38-15(B)(2)-(3).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Unforeseeable Product Misuse)

Plaintiff's Complaint, and each cause of action alleged therein, is barred because she misused or altered the alleged products in a manner that was not reasonably foreseeable to L'Oréal USA or Revlon.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Sophisticated User)

Plaintiff's Complaint, and each cause of action alleged therein, is barred because she is a sophisticated user of the alleged products and therefore knew or should have known of any alleged inherent risks.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Learned Intermediary)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because L'Oréal USA or Revlon provided reasonable and adequate warnings to learned intermediaries, relieving L'Oréal USA or Revlon of further duty to warn under applicable law. New York courts have held that manufacturers of unavoidably unsafe products, such as certain medical devices, may fulfill

their duty to warn by informing prescribing physicians. *Banker v. Hoehn*, 718 N.Y.S.2d 438, 440 (2000). And South Carolina courts have held that a "manufacturer has no duty to warn of potential risks or dangers inherent in a product if the product is distributed to what we call a learned intermediary or distributed to a sophisticated user who might be in a position to understand and assess the risks involved, and to inform the ultimate user of the risks." *Jolly v. Gen. Elec. Co.*, 435 S.C. 607, 644 (2021). Defendants reserve this defense to the extent any warnings were conveyed through medical professionals or other intermediaries.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Regulatory Compliance)

At all relevant times, L'Oréal USA and/or Revlon complied with all applicable laws, regulations, and industry standards, including those promulgated by the U.S. Food and Drug Administration and other relevant authorities. *Weston v. Kim's Dollar Store*, 385 S.C. 520, 533 (2009) (complying with the FDA is evidence that a medical device is not dangerous). Accordingly, Plaintiff's claims are barred in whole or in part.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Utility Outweighs Risk of Harm)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because the utility of any product allegedly at issue outweighs any purported risks. Design defect claims are evaluated under a risk-utility test that considers whether "a product is unreasonably dangerous if balancing its risks against its utility, and then comparing that result with a balancing of the risks, utility and cost of an alternative design, would lead a reasonable person to conclude that the product should not have been marketed in its present form." *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 84 n. 24 (S.D.N.Y. 2001); *Branham v. Ford Motor Co.*, 390 S.C. 203, 220 (2010). Any product Plaintiff may be referring to satisfied those standards, as its benefits outweighed any purported risk.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Design Defect)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because the product at issue is neither defective nor unreasonably dangerous because at all times material to the Complaint, the product was reasonably safe and reasonably fit for its intended use, and the warnings and instructions accompanying the product at the time of the occurrence or injuries alleged by Plaintiff were legally adequate.

## THIRTIETH AFFIRMATIVE DEFENSE
### (No General or Specific Causation)

Plaintiff's Complaint, and each cause of action alleged therein, is barred because her alleged injury was the result of an intervening and/or superseding cause.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Intervening/Superseding Cause)

Plaintiff's Complaint, and each cause of action alleged therein, is barred because her alleged injury was the result of an intervening and/or superseding cause.  If Plaintiff was damaged, which Defendants deny, the actions of one or more persons or entities for whose conduct Defendants are not legally responsible, and the independent knowledge and awareness of such other persons or entities of the risks inherent in the use of the product at issue and other independent causes, constitute an intervening and superseding cause of Plaintiff's alleged injuries and/or damages.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (No Market Share Liability )

Alternative liability should not be instituted here because Plaintiff "is unable to demonstrate with an appropriate degree of certainty that all possible tortfeasors are before the court, that all named defendants acted tortiously toward the plaintiff, and that these defendants are in a better position than the plaintiff to identify which defendant manufactured the products in question."  *New York Tel. Co. v. AAER Sprayed Insulations, Inc.*, 679 N.Y.S.2d 21, 27 (1998).

Similarly, market share liability should not be applied here because the manufacturer Defendants have not "act[ed] in a parallel manner to produce an identical, generically marketed product" such that apportioning liability to each Defendant according to their role in the hair relaxer market would be equitable. *Hymowitz v. Eli Lilly & Co.*, 73 N.Y.2d 487, 508 (1989). Indeed, South Carolina law does not permit liability without proof that the defendant's product caused the alleged harm. Market share and alternative liability theories are not recognized in South Carolina product liability actions. *See Mizell v. Eli Lilly & Co.*, 526 F. Supp. 589, 596 (D.S.C. 1981) (finding California market share liability did not apply in South Carolina). To the extent Plaintiff seeks to impose liability without identifying the specific manufacturer responsible, the Complaint fails as a matter of law. Under South Carolina's comparative fault regime, liability must be based on individualized fault, not distributed collectively or assumed absent causation. S.C. Code Ann. § 15-38-15; *Bass*, 384 S.C. at 247.

Plaintiff's Complaint, and each cause of action alleged therein, is barred because her alleged injury was the result of an intervening and/or superseding cause or otherwise not a cause attributable to L'Oréal USA or Revlon premised on an alternative theory of liability. If Plaintiff was damaged, which Defendants deny, the actions of one or more persons or entities for whose conduct L'Oréal USA or Revlon are not legally responsible, and the independent knowledge and awareness of such other persons or entities of the risks inherent in the use of the product at issue and other independent causes, constitute an intervening and superseding cause of Plaintiff's alleged injuries and/or damages.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (No Express Warranty)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because Plaintiff failed to identify misrepresentations in connection with any purchase of alleged products and therefore no such statements exist for the basis of any bargain.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (No Timely Notice)

To the extent Plaintiff failed to provide timely pre-suit notice of any alleged breach of warranty or consumer-related claim, recovery is barred.  *See Anderson v. Unilever United States, Inc.*, 607 F. Supp. 3d 441, 457 (S.D.N.Y. 2022) (dismissing breach of express warranty claim where the plaintiff did not allege sufficient facts showing that she provided the defendant with adequate pre-suit notice); *Hitachi Elec. Devices (USA), Inc. v. Platinum Techs., Inc*., 366 S.C. 163, 169-71 (2005) (reversing lower court because the buyer failed to "give seasonable notice" of its warranty claims).

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

To the extent Plaintiff has sustained damages, Plaintiff has contributed in a direct and proximate manner to the same by failing to act reasonably and prudently to mitigate her damages.  Plaintiff's damages, if any, must be reduced by the extent to which those damages were proximately caused by Plaintiff's failure to mitigate her own damages.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (UCC)

Defendants specifically plead all affirmative defenses available under the Uniform Commercial Code.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Release, Settlement, Accord and Satisfaction)

Plaintiff's claims are or may be barred, in whole or in part, to the extent that Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised her claims. Defendants are entitled to a set-off for the entire amount of proceeds Plaintiff has or may recover from other sources.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE
**(Primary Jurisdiction)**

Plaintiff's claims are barred by the doctrine of primary jurisdiction.  Plaintiff's claims are premised on the allegation that L'Oréal USA's and Revlon's hair-relaxer products were not safe and effective.  Plaintiff's allegations necessarily implicate medical and scientific issues that are outside the conventional experience of judges and/or jurors and particularly within the expertise, discretion, and regulatory authority of the United States Food and Drug Administration ("FDA").  Judicial resolution of these claims without input from the FDA risks conflicting standards and improper interference with the agency's exclusive authority.  Courts routinely defer such matters to the FDA under the doctrine of primary jurisdiction.  *See Heller v. Coca-Cola Co.*, 646 N.Y.S.2d 524, 526 (1996) (affirming the deferral of a decision regarding "the appropriateness of the labeling of beverages containing Aspartame and the use of Aspartame in aged soft drinks to the FDA" due to the FDA's expertise on the subject of food additives); *See Nat'l Ethical Pharm. Ass'n v. Weinberger*, 365 F. Supp. 735, 736 (D.S.C. 1973) (recognizing that "primary jurisdiction lies with the FDA").

### THIRTY-NINTH AFFIRMATIVE DEFENSE
**(Economic Loss)**

To the extent Plaintiff seeks recovery for purely economic loss, the Complaint fails.  Plaintiff alleges no personal injury or property damage, and New York law bars tort-based claims for economic loss absent a recognized exception.  None is pled here.  *See Atlas Air, Inc. v. Gen. Elec. Co.*, 791 N.Y.S.2d 620, 621 (2005); *Sapp v. Ford Motor Co*., 386 S.C. 143, 147 (2009) (precluding products liability claim based on the economic loss rule).

### FORTIETH AFFIRMATIVE DEFENSE
**(Punitive Damages)**

Plaintiff is not entitled to punitive damages.  No act or omission by L'Oréal USA or Revlon was malicious, willful, outrageous, wanton, reckless, grossly negligent, intentional,

immoral, unethical, oppressive, unscrupulous, or done with bad motives or in violation of public policy. Any award of punitive damages would violate the Fifth and Fourteenth Amendments of the U.S. Constitution and the due process limitations set forth by the Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996). Plaintiff also fails to meet the threshold required for punitive damages under applicable state law. *See Marcoux v. Farm Serv. & Supplies, Inc.*, 283 F. Supp. 2d 901, 908 (S.D.N.Y. 2003) ("The standard for an award of punitive damages in New York is a demanding one. Plaintiff must show the defendant's conduct to be so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others" and that the conduct demonstrates a high degree of moral culpability." (cleaned up)); *See Plowden v. Atl. States Const. Co.*, 264 S.C. 139, 140 (1975) (sustaining demurrer on punitive damages because the plaintiff failed to satisfy the heightened pleading standard requiring intentional and knowing fraudulent conduct). Any award of punitive damages would violate the Fifth and Fourteenth Amendments of the U.S. Constitution and the due process limitations set forth by the Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

<u>**FORTY-FIRST AFFIRMATIVE DEFENSE**</u>
**(Preservation of Choice-of-Law and Time-Bar Defenses Across Jurisdictions)**

To the extent Plaintiff resided in, purchased, or used the products at issue in multiple states, or seeks relief under the laws of any state other than Maryland, Defendants expressly preserve all applicable defenses under the statutes of limitations and statutes of repose of those jurisdictions, including but not limited to those governing product liability, personal injury, consumer protection, fraud, breach of warranty, and unjust enrichment claims. This includes any time bars or repose periods under the laws of the forum state, Plaintiff's state of injury, state of residence, or state of product exposure. No statement in this Answer shall be construed as a waiver of any choice-of-law defense or as a concession that Maryland law governs any or all of Plaintiff's claims.

## FORTY-SECOND AFFIRMATIVE DEFENSE
### (Incorporation of Master Defenses)

Defendants adopt and incorporate by reference each and every affirmative defense asserted in their Answer to the Master Long Form Complaint in this MDL as though fully set forth herein. These defenses are asserted to preserve all available arguments and objections applicable to the claims and allegations in Plaintiff's Complaint, including those that may become more fully developed as this litigation progresses.

## FORTY-THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred by the doctrine of unclean hands. To the extent Plaintiff engaged in inequitable, misleading, or improper conduct relating to the claims asserted, such conduct forecloses the equitable relief sought. Equity does not aid those who come to court with unclean hands, and Plaintiff cannot obtain relief where fairness has been compromised by her own conduct.

## FORTY-FOURTH AFFIRMATIVE DEFENSE
### (Spoilation)

Defendants assert as a defense any party's failure to preserve evidence and/or the spoliation of evidence, to the extent shown by further discovery.

## FORTY-FIFTH AFFIRMATIVE DEFENSE
### (Medical Monitoring Not Cognizable)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred to the extent it seeks medical monitoring, because New York and South Carolina do not recognize medical monitoring as a form of damages without a present physical injury. *See Baker v. Saint-Gobain Performance Plastics Corp.*, 232 F. Supp. 3d 233, 251 (N.D.N.Y. 2017); *Easler v. Hoechst Celanese Corp.*, No. CIV.A. 7:14-00048-TM, 2014 WL 3868022, at *5, n.5 (D.S.C. Aug. 5, 2014) (finding that no-injury medical monitoring claim "would fail because South Carolina has yet to recognize a cause of action"); *Rosmer v. Pfizer, Inc.*, No. CIV.A. 9:99-228018RB, 2001

WL 34010613, at *5 (D.S.C. Mar. 30, 2001) ("South Carolina has not recognized a cause of action for medical monitoring"). Accordingly, any claim for medical monitoring fails as a matter of law.

### FORTY-SIXTH AFFIRMATIVE DEFENSE
**(Revlon's Third Amended Joint Plan of Reorganization (the "Plan"))**

Plaintiff's Complaint, and each cause of action alleged therein, is barred because she has failed to (i) submit a valid Proof of Claim in the bankruptcy court and/or (ii) commence a timely action in the multidistrict litigation ("MDL") before this Court, in violation of the Plan and the bar date and confirmation orders of the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").

### FORTY-SEVENTH AFFIRMATIVE DEFENSE
**(Bankruptcy Plan Discharge Of Claims)**

Plaintiff's Complaint, and each cause of action alleged therein, is barred because it violates the Bankruptcy Court's bar date and confirmation orders and the Plan legally bars Plaintiff from pursuing any claim or liquidating any judgment against Revlon.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE
**(Bankruptcy Plan Bar on Liquidation)**

Plaintiff's Complaint, and each cause of action alleged therein, is barred because all hair straightening claims that failed to comply with the Plan and arose prior to the Plan's effective date were permanently enjoined and fully discharged in bankruptcy, and any judgments based on such claims cannot be liquidated and no funds can be distributed from the estate to satisfy any such judgment.

### FORTY-NINTH AFFIRMATIVE DEFENSE
**(Inadequate Representatives)**

Plaintiff failed to file a timely Proof of Claim in the Bankruptcy Court or a timely individual complaint in this MDL, and such claims are barred by the Plan and the Bankruptcy Court's bar date and confirmation orders.

## FIFTIETH AFFIRMATIVE DEFENSE
### (Duplicative Cause of Action)

Plaintiff's Complaint, and each cause of action alleged therein, should be dismissed because it is duplicative.

## FIFTY-FIRST AFFIRMATIVE DEFENSE
### (Full Force And Effect of the Plan)

Plaintiff's Complaint, and each cause of action alleged therein, is barred because the Plan governs the disposition of each alleged cause of action and this Court must give full force and effect to the Plan.

## FIFTY-SECOND AFFIRMATIVE DEFENSE
### (No Bankruptcy Waiver)

Revlon reserves the right to assert any and all arguments and objections before the Bankruptcy Court, including but not limited to (i) the timeliness and validity of any Proof of Claim filed in the bankruptcy court; (ii) the timeliness and validity of any complaint filed in this MDL; and (iii) any other defenses and objections that may be raised under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, or any other applicable law or equity.

## FIFTY-THIRD AFFIRMATIVE DEFENSE
### (Lack of Privity)

To the extent Plaintiff seeks to recover purely economic loss for alleged breaches of warranties, her claims are barred for lack of privity.

## DEMAND FOR JURY TRIAL

L'Oréal USA and Revlon hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that they be discharged without liability, with all costs of this action cast upon Plaintiff, and that they be given a trial by jury as to all proper causes of actions and issues in this case.

Dated: June 9, 2025                    Respectfully submitted,

Dennis S. Ellis
Katherine F. Murray
Serli Polatoglu
Ellis George LLP
2121 Avenue of the Stars, Suite 3000
Los Angeles, CA 90067
T: (310) 274-7100
F: (310) 275-5697
dellis@ellisgeorge.com
kmurray@ellisgeorge.com
spolatoglu@ellisgeorge.com

Jonathan Blakley (6308603)
Gordon Rees Scully Mansukhani LLP
1 N. Franklin St., Suite 800
Chicago, IL 60606
T: (312) 565-1400
F: (312) 565-6511
jblakley@grsm.com

Peter Siachos (68465)
Gordon Rees Scully Mansukhani LLP
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
T: (973) 549-2500
F: (973) 377-1911
psiachos@grsm.com

*Counsel for Defendants L'Oréal USA, Inc.;*
*L'Oréal USA Products, Inc.; and SoftSheen-*
*Carson LLC*

Robert A. Atkins
Daniel H. Levi
Shimeng (Simona) Xu
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
T: (212) 373-3000
ratkins@paulweiss.com
dlevi@paulweiss.com
sxu@paulweiss.com

Randy S. Luskey
Paul, Weiss, Rifkind, Wharton & Garrison LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
T: (628) 432-5112
rluskey@paulweiss.com

David E. Cole
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006
T: (202) 223-7348
dcole@paulweiss.com

Edward P. Abbot
Eckert Seamans Cherin & Mellot, LLC
275 Madison Avenue 10th Floor
New York, NY 10016
T: (646) 513-2358
eabbot@eckertseamans.com

*Counsel for Defendants Revlon, Inc., Revlon
Consumer Products Corporation, Revlon Group
Holdings LLC and Roux Laboratories, Inc.*

Lori B. Leskin
E. Dean Harris Porter
Arnold & Porter Kaye Scholer, LLP
250 West 55th Street
New York, NY 10019
T: (212) 836-8641
F: (212) 836-8689
Lori.leskin@arnoldporter.com
Dean.Porter@arnoldporter.com

Rhonda R. Trotter
Arnold & Porter Kaye Scholer, LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: (213) 243-4000
F: (213) 243-4199
Rhonda.Trotter@arnoldporter.com

*Counsel for Defendants Strength of Nature LLC;
Strength of Nature Global LLC; and Godrej SON
Holdings*